**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

KISWENDSIDA ILBOUDO,

Petitioner,

v.

WARDEN PIKE COUNTY CORRECTIONAL CENTER, et al.,

Respondents.

CIVIL ACTION NO. 3:26-CV-01566

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is Petitioner Kiswendsida Ilboudo's ("Ilboudo") motion to supplement the record and for limited discovery. (Doc. 5). Ilboudo commenced this action on June 8, 2026, by filing a petition for writ of habeas corpus. (Doc. 1). For the following reasons, Ilboudo's motion to supplement the record and for limited discovery (Doc. 5) is **GRANTED in part** and **DENIED in part**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Ilboudo's petition and motion for discovery and Respondent Craig Lowe's ("Lowe") response and brief in opposition to Ilboudo's motion for discovery. (Doc. 1; Doc. 4; Doc. 5; Doc. 7). Ilboudo is a citizen of Burkina Faso, who entered the United States on or about February 12, 2022, with a B-2 visitor visa. (Doc. 1, at 3). After entering the United States, Ilboudo timely filed an affirmative application for asylum and withholding of removal with Untied States Citizenship and Immigration Services ("USCIS") before his visa expired. (Doc. 1, at 3). On January 28, 2026, the Department of Homeland Security apprehended Ilboudo, detained him, and placed him in expedited removal proceedings. (Doc. 1, at 3-4). On February 10, 2026, an immigration judge conducted a bond hearing for Ilboudo and denied Ilboudo's request for redetermination of custody and

to set a bond. (Doc. 1, at 4). Ilboudo timely filed an appeal of the bond decision to the Board of Immigration Appeals ("BIA"), which is pending. (Doc. 1, at 4). On or about May 12, 2026, an immigration judge denied Ilboudo's application for asylum and withholding of removal. (Doc. 1, at 4). Ilboudo timely appealed the removal order to the BIA, which is pending. (Doc. 1, at 4). Ilboudo has been in immigration detention for about seven months. (Doc. 1, at 3-4).

On June 6, 2026, Ilboudo filed a petition for writ of habeas corpus with the Court, requesting that the Court declare that the bond proceeding afforded to Ilboudo was constitutionally inadequate. (Doc. 1, at 8-9). On June 17, 2026, Lowe responded to Ilboudo's petition, relying on Immigration Judge Shana Chen's bond memorandum to conclude that Ilboudo's bond determination was fair and adequate. (Doc. 4, at 15, 20). On June 26, 2026 Ilboudo filed a motion to supplement the record and for limited discovery, seeking the transcript, audio recording, and complete administrative record of Ilboudo's February 10, 2026 bond hearing, as well as seeking limited discovery. (Doc. 5, at 1). On July 15, 2026, Lowe filed a brief in opposition to Ilboudo's motion to supplement the record and for limited discovery. (Doc. 7). Ilboudo did not file a timely reply brief. Accordingly, Ilboudo's motion to supplement the record and for limited discovery is ripe and ready for disposition.

## II. LEGAL STANDARD

Rulings regarding the proper scope of discovery are matters consigned to the Court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that

discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. Civ. P. 26(b)(1)

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations and specifically provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> Fed. R. Civ. P. 37(a)(1).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). "Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Prime Energy & Chem., LLC v. Tucker Arensber P.C.,* No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.,* 261 F.R.D. 570, 573 (D. Kan. 2009)).

## III. DISCUSSION

Ilboudo requests an order directing Lowe to supplement the record with the transcript, audio recording, and complete administrative record of Ilboudo's February 10, 2026 bond redetermination hearing before Immigration Judge Shana Chen. (Doc. 5, at 1). Ilboudo also requests limited discovery for "internal EOIR policies, directives, guidance, training materials, communications, and other institutional materials issued, revised, or in effect from 2025 to present that governed, informed, or otherwise influenced Immigration Judges' adjudication of bond redetermination and custody proceedings, including the process applicable to Petitioner's hearing." (Doc. 5, at 1). Ilboudo contends that supplementing the record and limited discovery are necessary to challenge the constitutional adequacy of the custody process afforded to him, including whether his hearing was genuinely individualized and free from institutional influences or other external pressures. (Doc. 5, at 1, 3). Ilboudo avers that Judge Chen's bond memorandum produced by Lowe is not a substitute for the underlying hearing record because the bond memorandum does not disclose the evidence presented, the manner in which the hearing was conducted, the questions posed, the arguments advanced by the parties, the extent to which Ilboudo was permitted to address or rebut the concerns identified by Judge Chen, or whether the proceeding reflected the neutral and individualized process required by due process. (Doc. 5, at 2-3).

Lowe counters that Ilboudo's motion must fail because Ilboudo has not met his burden of establishing good cause that discovery is necessary. (Doc. 7, at 2). Lowe contends that Judge Chen's bond memorandum outlines the evidence presented at the hearing and her rationale for finding that Ilboudo is a flight risk. (Doc. 7, at 3). Given the detailed nature of Judge Chen's bond memorandum, Lowe requests that the Court deny Ilboudo's motion to

supplement the record and for limited discovery. (Doc. 7, at 3). Lowe further requests that if the Court concludes that Ilboudo has shown good cause for discovery, that the Court limit any discovery to the production of an unverified bond transcript, the audio recording of Ilboudo's hearing, or a combination of both. (Doc. 7, at 3-4).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Roe v. Oddo*, No. 3:25-CV-128, 2025 WL 3030692, at * 17 (W.D. Pa. Oct. 30, 2025). However, the All Writs Act gives federal courts "the power to 'fashion appropriate models of procedure,' including discovery to dispose of habeas petitions 'as law and justice require.'" *Bracy*, 520 U.S. at 904 (quoting *Harris v. Nelson*, 394 U.S. 286, 295, 300 (1969)). Accordingly, in 1976 the Supreme Court promulgated and Congress adopted the Rules Governing 28 U.S.C. § 2254 Cases, of which Rule 6(a) provides:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.
>
> Rules Governing § 2254 Cases, Rule 6(a).

"A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ."[1] *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) (citing *Harris*, 394 U.S. at 300; *Lave v. Dretke*, 416 F.3d 372, 380 (5th Cir. 2005)); *Han Tak Lee v. Glunt*, 667 F.3d 397, 404 (3d Cir. 2012). The petitioner has the burden to demonstrate that the discovery he or she seeks is pertinent and

---

[1] Pursuant to Rule 1(b), the Rules Governing § 2254 Cases are applicable to 28 U.S.C. § 2241 petitions, including immigration habeas petitions. Rules Governing § 2254 Cases, Rule 1(b); *see Salau v. Kunes*, No. 3:26-CV-00161, 2026 WL 1398841, at * 2 (M.D. Pa. May 19, 2026); *see also Adeboye v. Warden of FCI Allenwood Low*, No. 1:26-CV-00753, 2026 WL 1091998, at * 1 (M.D. Pa. Apr. 22, 2026).

that there is good cause for its production. *Beard*, 637 F.3d at 209 (citing *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004); *Murphy v. Johnson*, 205 F.3d 809, 814-15 (5th Cir. 2000)). Even if the petitioner satisfies the good cause standard and is entitled to discovery, "the scope of discovery is subject to a district court's sound discretion." *Beard*, 637 F.3d at 209 (citing *Bracy*, 520 U.S. at 909); *Roe*, 2025 WL 3030692, at *17.

Regarding Ilboudo's request for the transcript, audio recording, and complete administrative record of his bond hearing, Ilboudo satisfies the good cause standard for discovery. In his petition, Ilboudo alleges that his bond adjudication was not constitutionally adequate. (Doc. 1, at 1). In his motion for discovery, Ilboudo provides that the only available evidence to support his claim is Judge Chen's bond memorandum, which summarizes the proceeding. (Doc. 4-4; Doc. 5, at 2). While Judge Chen explains the factors that led her to determine that Ilboudo is a flight risk, the bond memorandum omits specific information such as the "evidence presented, the manner in which the hearing was conducted, the questions posed, the arguments advanced, [and] the extent to which Ilboudo was permitted to address Judge Chen's concerns." (Doc. 4-4; Doc. 5, at 2-3). Judge Chen's bond memorandum is not a substitute for the underlying hearing record. The transcript, audio recording, and complete administrative record of Ilboudo's February 10, 2026 bond hearing are directly relevant to Ilboudo's claim that the bond hearing was constitutionally inadequate. (Doc. 1, at 1); *see* Fed. R. Civ. P. 26(b)(1); *see Beard*, 637 F.3d at 209. Ilboudo has provided that the transcript, audio recording, and complete administrative record are pertinent to his ability to fully develop his allegations that could entitle him to relief. (Doc. 5, at 2-3); *see Beard*, 637 F.3d at 209. Accordingly, with regard to Ilboudo's request for the transcript, audio recording, and

complete administrative record of his February 10, 2026 bond hearing, Ilboudo's motion is **GRANTED**. (Doc. 5).

However, Ilboudo's request for "internal EOIR policies, directives, guidance, training materials, communications, and other institutional materials issued, revised, or in effect from 2025 to the present that governed, informed, or otherwise influenced Immigration Judges' adjudication of bond redetermination and custody proceedings," is beyond the scope of discovery. Internal policies, directives, guidance, training, communication, and other institutional materials that have been in effect for the past year and a half that governed, informed, or influenced Immigration Judges are not proportional to Ilboudo's need to make a showing that Judge Chen's February 10, 2026 bond hearing was not constitutionally adequate. *See* Fed. R. Civ. P. 26(b); *see* *Hawley v. Salamon*, 3:23-CV-1434, 2025 WL 3530157, at *5 (M.D. Pa. 2025); *Beard*, 637 F.3d at 209; *Roe*, 2025 WL 3030692, at *17. Ilboudo's request is overly broad and akin to a fishing expedition. *See* *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995); *see* *Upshaw v. Janssen Research & Development, LLC*, No. 11-7574, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014). Accordingly, Ilboudo's request for limited discovery of "internal EOIR policies, directives, guidance, training materials, communications, and other institutional materials issued, revised, or in effect from 2025 to the present that governed, informed, or otherwise influenced Immigration Judges' adjudication of bond redetermination and custody proceedings, including the process available to Petitioner's hearing" is **DENIED**. (Doc. 5).

## IV. CONCLUSION

For the foregoing reasons, Ilboudo's motion to supplement the record and for limited discovery is **GRANTED in part and DENIED in part**. (Doc. 5). Lowe is **ORDERED** to

supplement the record by producing and filing the transcript, audio recording, or other complete administrative record of Ilboudo's February 10, 2026 bond redetermination hearing before Immigration Judge Shana Chen, including all exhibits, filings, recordings, notes, and other materials submitted to or considered by the Immigration Judge in connection with that proceeding, to the extent such materials exist.

An appropriate Order follows.

**BY THE COURT:**

**Dated: August 3, 2026**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**